IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal Number: 3:12CR131-01 |
| | ) | Hon. Robert E. Payne |
| JOSE ARMANDO BRAN, | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT JOSE ARMANDO BRAN'S MOTION FOR A BILL OF PARTICULARS

COMES NOW the defendant, Jose Armando Bran, by counsel, pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure and hereby moves the Court for an Order directing the Government to file a Bill of Particulars as to Counts One thru Five of the Second Superceding Indictment.

Rule 7(f) of the Federal Rules of Criminal Procedure provides that "[t]he Court may direct the Government to file a Bill of Particulars." "The purpose of a Bill of Particulars is to inform the defendant of the charge against him in sufficient detail and to minimize surprise at trial." *United States v. Butler*, 885 F.2d 195, 199 (4th Cir. 1989).

Fed. R. Crim. P. 7(f) permits a court to order the United States to file a bill of particulars, which is designed as a remedy for an indictment which does not provide sufficient facts to enable the defendant to prepare his defense. *United States v. Okun*, 2009 U.S. Dist. LEXIS 12421 *7 (Feb. 18, 2009). The bill of particulars is intended to identify for the defendant "the area within which the United States's chief evidence will fall." *United States v. Fletcher*, 74 F.3d 49, 53 (4th Cir. 1996). The bill of particulars is not intended to provide the defendant with detailed

1

information concerning that evidence, however; it is designed to provide enough information to allow the defendant to prepare for trial. *Id.* A bill of particulars cannot repair a defective indictment, but it can provide missing or additional information that is necessary to assist the defendant. *Id.* The fact that the indictment is valid is no defense to a Bill of Particulars, thus the underlying purpose of rule 7(f) is not to cure defects in the government pleadings, but rather to furnish the defendant further information respecting the charge stated in the indictment when necessary to the preparation to the defendant's defense, and to avoid prejudicial surprise at trial. *Id.* As with an indictment, a bill of particulars serves to set the parameters of the government's case, such that "there can be no variance between the notice given in a bill of particulars and the evidence at trial." *United States v. Smith*, 776 F.2d 1104, 1111 (3rd Cir. 1985).

A Bill of Particulars is appropriate to permit a defendant "to identify with sufficient particularity the nature of the charge pending against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." *United States v. Bortnovsky*, 820 F.2d 572, 574 (2nd Cir. 1987) (citations omitted) (per curiam).

With the wide latitude accorded the prosecution to frame a charge that a defendant has "conspired" to promote the affairs of an "enterprise" through a "pattern of racketeering activity" comes an obligation to particularize the nature of the charge to a degree that might not be necessary in the prosecution of crimes of more limited scope. *United States v. Davidoff*, 845 F.2d 1151, 1154 (2nd Cir. 1988).

By this motion, this defendant seeks the particulars as to his participation in the alleged criminal organization and his alleged role in that organization. The indictment is insufficient to inform the defendant of allegations he may face at trial and thus a Bill of Particulars is needed.

Counts One through Five of the Second Superceding Indictment incorporate the first 13 introductory paragraphs. These first 13 paragraphs allege factual allegations with reference to the nature and character of MS-13 generally, but are completely silent of any acts committed by the defendant Jose Armando Bran.

Specifically, paragraph 11 of the Second Superceding Indictment lists six objectives of MS-13. In order to adequately defend himself and avoid surprise at trial, Mr. Bran requests this Court to order the Government to inform him of the time, date, place and manner of any acts which it intends to introduce at trial that:

a) Preserved, expanded, or protected the power, territory, and prestige of MS-13 through the use of intimidation, violence, and threats of violence;

(b) Promoted or enhanced MS-13's members' and associates' activities;

(c) Kept victims in fear of MS-13 or kept persons in fear of its members and associates through intimidation, threats of violence, and violence;

(d) Confronted or retaliated against rival gangs through the use of intimidation, violence, threats of violence, assaults, and murders;

(e) Hindered or obstructed the efforts of law enforcement to identify, apprehend, and successfully prosecute and punish gang members; and

(f) Financially supported members of MS-13, including those who had been deported and those who had been incarcerated in the United States and El Salvador.

Specifically, paragraph 12 of the Second Superceding Indictment lists nine "means and methods" of MS-13. In order to adequately defend himself and avoid surprise at trial, Mr. Bran requests this Court order the Government to inform him of the time, date, place and manner of any acts which it intends to introduce at trial whereby the defendant, or someone he conspired with,:

    (a) Used intimidation, threats of violence, and violence, including murder and assault, to preserve, protect, and expand the MS-13's territory and activities;

    (b) Used intimidation, threats of violence, and violence, including murder and assault, to promote and enhance MS-13's prestige, reputation, and position in the community;

    (c) Promoted a climate of fear through intimidation, violence, and threats of violence;

    (d) Used intimidation, threats of violence, and violence, including murder and assault, against various individuals, including known and suspected members of rival gangs;

    (e) Used intimidation, threats of violence, and violence, including murder and assault, to discipline members and associates who had violated enterprise rules;

    (f) Used intimidation, threats of violence, and violence, including murder and assault, to punish enterprise members and associates who had been disloyal;

    (g) Traveled throughout the United States, Mexico, and Central America to attend and promote enterprise activities;

    (h) Used telephones to discuss gang-related business and to obtain approval for the use of violence in furtherance of the purposes of MS-13; and

    (i) Collected dues to send to fellow gang members who were incarcerated, who had been deported to Central America and elsewhere, or who were in need of money, or sent United States currency to MS-13 leadership in El Salvador in an effort to continue the business of the MS-13.

In addition, paragraph 13, of the Second Superceding indictment alleges "acts that are indictable" as "witness tampering" in violation of 18 U.S.C. § 1512 without any further reference. Again, while the government has asserted this in its indictment it has provided no specifics as to the time, date or nature of such acts, and whether or not Mr. Bran engaged in such activities. Clearly, this is criminal conduct separate and apart from the murder and stabbing alleged in the indictment, and is exactly the type of conduct for which a Bill of Particulars should be ordered. As the Second Circuit stated in *Davidoff,* " with the wide latitude accorded the prosecution to frame a charge that a defendant has "conspired" to promote the affairs of an "enterprise" through a "pattern of racketeering activity" comes an obligation to particularize the nature of the charge to a degree that might not be necessary in the prosecution of crimes of more limited scope." *Davidoff,* 845 F.2d 1151, 1154 (2nd Cir. 1988). Finally, in paragraph 15(b) of the Second Superceding indictment, the government makes the allegation that Mr. Bran was the leader of MS-13 Sailors Set, but they provide no context for the allegation. The indictment spans a two year period; therefore, it is essential to know when the government believes that Mr. Bran became the leader of the Sailors Set in Richmond.

For the reasons stated above, Mr. Bran requests this Court grant his Motion for a Bill of Particulars in this case so that he can prepare for trial, prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense. *United States v. Bortnovsky,* 820 F.2d 572, 574 (2nd Cir. 1987) (citations omitted) (per curiam).

                                        Respectfully Submitted,
                                        JOSE ARMANDO BRAN

                                        By: _____/s/_____
                                                        Counsel

Mary E. Maguire, Esq.
Va. Bar # 42505
Carolyn V. Grady, Esq.
Va. Bar # 30445
Assistant Federal Public Defenders
Eastern District of Virginia
701 E. Broad Street, Suite 3600
Richmond, VA 23219-1884
(804) 565-0800
(804) 648-5033 (fax)
Mary_Maguire@fd.org
Carolyn_Grady@fd.org

John A. Rockecharlie, Esq.
Va. Bar # 27701
Bowen, Champlin, Foreman & Rockecharlie
1919 Huguenot Road, Suite 300
Richmond, VA 23235
(804) 379-1900
(804) 379-5407 (fax)
JRockecharlie@Bowenlawfirm.com

## CERTIFICATE OF SERVICE

      I hereby certify that on the 8th day of February 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Roderick C. Young
Assistant U.S. Attorney
600 E. Main Street, Suite 1800
Richmond, VA 23219
(804) 819-5400
(804) 771-2316 (fax)
roderick.c.young@usdoj.gov

Andrew L. Creighton
Assistant U.S. Attorney
2100 Jamieson Avenue
Alexandria, VA 22314
(202) 531-9339
andrew.creighton@usdoj.gov

                                             /s/
                                 By:       Counsel

John A. Rockecharlie, Esq.
Va. Bar # 27701
Bowen, Champlin, Foreman & Rockecharlie
1919 Huguenot Road, Suite 300
Richmond, VA  23235
(804) 379-1900
(804) 379-5407 (fax)
JRockecharlie@Bowenlawfirm.com