IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

UNITED STATES OF AMERICA

v.                       Case #: 3:12CR131

JOSE ARMANDO BRAN

## DEFENDANT JOSE ARMANDO BRAN'S MOTION TO PROHIBIT THE ADMISSION INTO EVIDENCE OF THE STATEMENTS OF THE CO-DEFENDANT OR IN THE ALTERNATIVE SEVER THE TRIAL OF THE DEFENDANT'S

COMES NOW the Defendant, through counsel, pursuant to the Sixth Amendment and the holding of *United States v. Bruton*, 391 U.S. 123 (1968), and requests this Court prohibit the Attorney for the United States from offering and using as evidence at trial, directly or indirectly, through testimony or recorded evidence of any means, any extra-judicial statements of the co-defendant, Karen San Jose, which may tend to directly or indirectly incriminate or implicate the Defendant. Such statements are deemed to be presumptively unreliable hearsay with regard to the Defendant, as well as being in direct violation of the Defendant's fundamental constitutional guarantee under the Sixth Amendment to the right to confront and cross-examine witnesses against him. In the alternative, the Defendant moves to sever his trial from his co-defendant Karen San Jose.

## ARGUMENT

*Bruton v. United States* holds that a defendant's Sixth Amendment right to confront the witnesses against him is violated when an out-of-court statement from his co-defendant, which incriminates the defendant, is admitted into evidence at their joint trial where the co-defendant does not testify. 391 U.S. 123, 127-28 (1968). This is due to "the substantial risk that the jury, despite instructions to the contrary, [will look] to the incriminating extrajudicial statements in determining [the defendant's] guilt, admission of [the co-defendant's] confession in [a] joint trial violate[s] [the defendant's] right of cross-examination secured by the Confrontation Clause of the Sixth Amendment." *Bruton* at 126.

Karen San Jose made numerous statements to law enforcement officials, both pre and post arrest. In every one of those statements she implicated defendant Jose Bran. She identified Bran as the "First Word" of the MS-13 clique in Richmond. Regarding Counts 1, 2 and 3 of the Second Superseeding Indictment, the murder of Osbin Hernandez-Gonzales, she stated to law enforcement officials that Bran told her he believed Hernandez-Gonzales was a member of a rival gang and a snitch, and therefore must be punished. On the night of Hernadez-Gonzales's murder she saw Bran yelling at the victim. After the victim got away from him, Bran gave her a phone and ordered her to lure the victim back to their location so other members of MS-13 could hurt him.

San Jose told police Bran ordered the murder of Osbin Hernandez-Gonzales and chose the individuals who would participate. She further stated that the murder was an initiation rite into MS-13 for the two juvenile triggermen and that Bran disposed of the murder weapon by taking it to Washington, D.C.

San Jose told the police that after the murder Bran said, after being told what had happened, "The beast has eaten." She also stated that Bran had threatened her, and her child, if she ever spoke of the incident.

San Jose acknowledged that she knew, at the time she lured Hernadez-Gonzales back to their location, that it was the intention of Bran to hurt the victim. Further, the shooters were "jumped in" after the murder while Bran counted to 13 and the reason the juveniles participated was to impress Bran.

In *Gray v. Maryland*, the Supreme Court stated, "*Bruton*, as interpreted by *Richardson*, holds that certain 'powerfully incriminating extrajudicial statements of a co-defendant' - those naming another defendant - considered as a class, are so prejudicial that limiting instructions cannot work." *Gray v. Maryland*, 523 U.S. 185, 192 (1998). This violation cannot be corrected by leaving a blank space in an obviously redacted confession, because it "accuses the defendant in a manner similar to . . . use of . . . [the defendant's] name or to a testifying co-defendant's." *Id.* at 194, *see also, United States v. Akinkoye*, 185 F.3d 192, 197 (4th Cir. 1999).

The non-testifying codefendant's statement must be redacted to eliminate not only the other defendant's name but also any reference to his existence. *Richardson v. Marsh*, 481 U.S. 200 (1987). In this case, it is impossible for the government to effectively redact the statements of Karen San Jose in any coherent manner and still remove the incriminating information about Jose Bran or any information which expressly implicates Bran or even references Bran's existence.

The essential elements of San Jose's statements involve Jose Bran. The how, where and why of everything which lead up to the murder revolve around Jose Bran. The Government cannot simply remove Jose Bran's name from her statement and argue that the redaction meets

the mandate of *Bruton*. Any statement the Government intends to introduce must remove all reference of his existence. *Gray*, supra. This cannot be done and have her statement make any sense. Defendant argues that even if heavily redacted the statements of Karen San Jose are incredibly incriminating extrajudicial statements that are so prejudicial that a limiting instruction cannot work.

Additionally, this is a case where the government has no physical evidence linking Jose Bran to the crimes charged in the indictment; the entire government case against him is made up of circumstantial evidence, testimony of cooperating defendant's and the statements of Karen San Jose. The lack of physical evidence creates the substantial likelihood that a jury will rely on the statements of San Jose in determining the guilt or innocence of Jose Bran.

Federal Rule of Criminal Procedure 14 provides that:

If it appears that a defendant or the government is prejudiced by a joinder of . . .defendants . . . for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.

If the Government intends to introduce any of Karen San Jose's statements at the joint trial of these two defendants, justice requires the parties be severed and separate trials ordered. The prejudice created by admission of the statements into evidence cannot be overcome by a limiting instruction.

### Sixth Amendment Violation

The Sixth Amendment of the Constitution expressly provides that "in all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." This right is such a fundamental part of Anglo-American jurisprudence that it "comes to us

on faded parchment" with a "lineage that traces back to the beginnings of western legal culture." *Coy v. Iowa*, 487 U.S. 1012, 1015 (1988); *California v. Green*, 399 U.S. 149, 174 (1970) (Harlan, J. concurring). In fact, this right of confrontation is "one of the fundamental guarantees of life and liberty . . . long deemed so essential for the due protection of life and liberty that it is guarded against legislative and judicial action by provisions in the Constitution of the United States and in the constitutions of most if not all of the States composing the Union." *Kirby v. United States*, 174 U.S. 47, 55-56 (1899).

"The right to cross-examination is one of the primary interests secured by the Confrontation Clause" and is "an essential and fundamental requirement for the kind of fair trial which is this country's constitutional goal." *Douglas, v. Alabama*, 380 U.S. 415, 418 (1965); *Pointer v. Texas*, 380 U.S. 400, 405 (1965). "Cross-examination is the principle means by which the believability of a witness and the truth of his testimony are tested." *Davis v. Alaska*, 415 U.S. 316 (1974). As such, it "serves a distinctive and vital role to test the evidence" and has been described as the "greatest legal engine ever invented for the discovery of truth." 5 Wigmore, Evidence 1367 at 32 (Chadbourn rev. 1974)). This right is "critical for ensuring the integrity of the fact-finding process." *Kentucky v. Stincer*, 482 U.S. 730, 736 (1987).

If the statements of Karen San Jose are admitted at the trial of Jose Bran, he will have no effective means of cross-examining the veracity of those statements. In her first statement to the police Karen San Jose gave a version that "did not fit the Government's theory of the case." *Statement of AUSA Young at San Jose's Motion to Suppress*. After further interrogation by Special Agent Umplet, San Jose gave the version mentioned above. If she does not take the witness stand Defendant Bran will be unable to explore her motivation for these differing storylines.

## CONCLUSION

Defendant Bran prays this Honorable Court will prohibit the Government from introducing into evidence the statements made to law enforcement of the co-defendant Karen San Jose or in the alternative Order separate trials for each party.

Respectfully Submitted,
JOSE ARMANDO BRAN

By: /s/
Counsel

Mary E. Maguire, Esq.
Va. Bar # 42505
Carolyn V. Grady, Esq.
Va. Bar # 30445
Assistant Federal Public Defenders
Eastern District of Virginia
701 E. Broad Street, Suite 3600
Richmond, VA 23219-1884
(804) 565-0800
(804) 648-5033 (fax)

John A. Rockecharlie, Esq.
Va. Bar #27701
Bowen, Champlin, Foreman & Rockecharlie
1919 Huguenot Road, Suite 300
Richmond, VA 23235
(804) 379-1900
(804) 379-5407 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of February 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Roderick C. Young
Assistant U.S. Attorney
600 E. Main Street, Suite 1800
Richmond, VA 23219
(804)819-5400
(804) 771-2316 (fax)
roderick.c.young@usdoj

Andrew L. Creighton
Assistant U.S. Attorney
2100 Jamieson Avenue
Alexandria, VA 22314
(202)531-9339
andrew.creighton@,usdoj.gov

                                                                                    */s/*
                                                  By:    Counsel

John A. Rockecharlie, Esq.
Va. Bar #27701
Bowen, Champlin, Foreman & Rockecharlie
1919 Huguenot Road, Suite 300
Richmond, VA 23235
(804) 379-1900
(804) 379-5407 (fax)
JRockecharlie@Bowenlawfirm.com