# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division



FILED
MAR 2 2 2013
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

UNITED STATES OF AMERICA

v.                                    Criminal No. 3:12cr131-01

JOSE ARMANDO BRAN,

      Defendant.

## MEMORANDUM OPINION

Presently before the Court are six EX PARTE APPLICATIONS FOR ISSUANCE OF SUBPOENA DUCES TECUM (Docket Nos. 136, 137, 138, 139, 140 & 141) seeking a subpoena for the production of various documents from various custodians and asking that they be ordered delivered to the Office of the Clerk in advance of trial. For the reasons set forth herein, the applications will be denied.

### DISCUSSION

Fed. R. Crim. P. 17(c)(1) provides that

> A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

Id. As the Court has previously noted, "an indigent defendant is entitled, under Rule 17(c), to issuance of subpoenas duces tecum returnable at trial by making the same showing as required by

Rule 17(b) to secure issuance of a trial witness subpoena." United States v. Beckford, 964 F. Supp. 1010, 1018 (E.D. Va. 1997). And, while an indigent defendant is entitled, based upon an appropriate showing, to the issuance to subpoenas duces tecum, it is also the case that "[w]hereas, Rule 17(b) permits ex parte applications for trial witness subpoenas, Rule 17(c) does not contain a parallel provision." Id.[1] Under the same logic, Rule 17(c) permits, and perhaps requires, ex parte application for subpoenas duces tecum that are "returnable at trial." Beckford, 964 F. Supp. at 1020.

Ordinarily, under a subpoena duces tecum issued pursuant to Fed. R. Crim. P. 17(c), "the books and other things called for would merely be brought into court at the time of the trial, let us say immediately before they are to be offered in evidence." Bowman Dairy Co. v. United States, 341 U.S. 214, 220 n.5 (1951). However, "[u]nlike a trial subpoena ad testificandum issued under Rule 17(a) or (b), a subpoena duces tecum may also be made returnable before trial." Beckford, 964 F. Supp. at 1020.

---

[1] Indeed, there is some decisional authority to suggest that Rule 17(b) mandates, rather than merely permits, an ex parte application for a witness. See United States v. Brown, 353 F.2d 424, 428-29 (8th Cir. 1976) (indicating that a local rule that "required copies of subpoena applications under [Rule 17(b)] to be sent to the government" would serve to "abrogate[] the ex parte provision of [the Rule] and violate[] equal protection"); United States v. Meriwether, 486 F.2d 498, 505-06 (5th Cir. 1973) (permitting the government to be present during an argument on a Rule 17(b) subpoena would violate the rule).

The applications presently before the Court all ask that the documents be produced to the Clerk before the trial date. The text of Rule 17(c) states that the Court "may direct" that documents be "produced before the court at a time prior to the trial," and that the Court may "upon their production permit" the documents "to be inspected by the parties and their attorneys." Fed. R. Crim. P. 17(c). As the Court has previously noted, this sentence "clearly contemplates some intervention by the court before a subpoena duces tecum can be made returnable pre-trial and before parties may be permitted to inspect the subpoenaed documents pre-trial." Beckford, 964 F. Supp. at 1020.[2] The applications in this case present two distinct issues: (1) whether such application should be made ex parte and (2) whether subpoenas duces tecum that were requested should be made returnable prior to trial.

In Beckford, the Court explained that Rule 17(c) "authorizes ex parte procedure with respect to the issuance of pre-trial subpoenas only in exceptional circumstances. Ordinarily, ex parte procedure will be unnecessary and thus inappropriate." 964 F. Supp. at 1030. An ex parte application is only appropriate in,

---

[2] At this stage, Bran merely seeks a subpoena duces tecum that is made returnable prior to the trial. He does not yet seek access to the documents prior to trial. However, the language of Rule 17(c) plainly requires the Court's intervention for both pre-trial production and pre-trial inspection.

> [T]hose rare situations where mere
> disclosure of the application for a pre-
> trial subpoena would: (i) divulge trial
> strategy, witness lists or attorney work-
> product; (ii) imperil the source or
> integrity of subpoenaed evidence; or (iii)
> undermine a fundamental privacy or
> constitutional interest of the defendant,
> the ex parte process could be available on a
> proper showing.

Id. "[A] party seeking to proceed ex parte will have to meet a

heavy burden to proceed in that fashion." Id.[3] Then,

> If ex parte procedure is unwarranted, the
> court should unseal the motion, and provide
> notice to the opposing party. If the
> application implicates one of the limited
> circumstances in which proceeding ex parte
> is proper, the application and proposed
> subpoena should be filed under seal.[4]

Id. at 1031. As Beckford indicated, "for the most part, a party

seeking an ex parte pre-trial subpoena duces tecum will be able

---

[3] For example, as the Court noted, "where one party subpoenas documents from the files of the opposing party, ex parte procedures would not be available. The same would obtain for defense subpoenas seeking documents from state law enforcement agencies officially involved in the federal investigation of the crimes on trial. Nor could ex parte process be used to seek documents as to which both parties will have pre-trial access." Id.

[4] Documents that are filed "under seal" are available to the both parties and to the Court, but not to the public at large. Documents that are filed "ex parte" are not required to be served on the opposing party and do not appear on the public docket sheet, but are not sealed. Documents that are filed "ex parte under seal" are only available to the filing party and to the Court. A motion to seal may not be filed ex parte, as it is essential to give notice to the public (and to the opposing party) of a party's motion to seal. See Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

to serve a motion on the adversary asking that the subpoena ultimately be issued _ex parte_ and explaining why it is necessary to proceed _ex parte_." _Id._ at 1030.

Once the Court has determined whether the application process should be conducted _ex parte_, the Court must assess whether the proposed subpoena and the motion in support meet the standards set forth in United States v. Nixon, 418 U.S. 683 (1974). In Nixon, the Supreme Court of the United States instructed that:

> [I]n order to require production prior to trial, the moving party must show: (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

418 U.S. at 699-700; see also In re Martin Marietta Corp., 856 F.2d 619, 621 (4th Cir. 1988) ("A party seeking pretrial production of documents must demonstrate (1) relevancy, (2) admissibility, and (3) specificity with respect to the documents."). Only where a sufficient showing is made as to all four factors may Court issue a subpoena requiring pre-trial production of documents and permit their pre-trial inspection. The requisite showing may not be made merely by talismanic

recitations of necessity or the other elements. Instead, the application must make his case with facts.

Without disclosing their contents, the ex parte applications presently before the Court broadly seek information that is either believed to be exculpatory or constitutes impeachment evidence. As a general rule, "exculpatory evidence in the possession of third parties is subject to a subpoena duces tecum." United States v. King, 194 F.R.D. 569, 573 (E.D. Va. 2000). However, "generally, the need for evidence to impeach witnesses is insufficient to require its production [under Rule 17(c)] in advance of trial." Nixon, 418 U.S. at 701. However, it is also true that "where it is known with certainty before trial that the witness will be called to testify, the admissibility determination, within the meaning of Nixon, can be made before trial." King, 194 F.R.D. at 574. In any respect, the governing principle is that Rule 17(c) is "not intended to provide a means of discovery for criminal cases," rather it is intended to "expedite the trial by providing a time and place before trial for the inspection of subpoenaed materials." Nixon, 418 U.S. at 698-99.

The defendant's ex parte applications fail to address either Beckford or Nixon. The Court declines to engage in an exegesis of these bare bones applications in an attempt to discern whether the documents being sought could meet the "heavy

6

burden" that must be shown before such an application may be filed _ex parte_. However, absent any suggestion that the defendant has considered _Beckford_, it seems extreme to simply unseal the application and provide it to the government. Instead, the prudent course of action is to deny the applications, without any prejudice, and instruct the defendant to consider the directives in _Beckford_, and in _Nixon_ and its progeny, and determine which, if any, of the applications he would like to continue to pursue _ex parte_ and to further consider whether he can make the requisite showing for pre-trial production of the documents. As the Court has observed,

> For the most part, a party seeking an _ex parte_ pre-trial subpoena duces tecum will be able to serve a motion on the adversary asking that the subpoena ultimately be issued _ex parte_ and explaining why it is necessary to proceed _ex parte_. That affords the opposing party an opportunity to be heard on the need for the _ex parte_ procedure. . . Of course, that route will require lawyers to write more precisely than usual and to think through their reasons for proceeding _ex parte_. That, however, is a salutary development. The by-product inevitably will be that, upon careful analysis, most lawyers will realize that they cannot satisfy these requirements or those of _Nixon_ and _ex parte_ applications will be filed rarely and likely will be granted less frequently. Of course, that is as it should be.

_Beckford_, 964 F. Supp. at 1030-31. The Court will consider any applications that are re-filed once the defendant has undertaken

the necessary consideration and made the necessary showings.

## CONCLUSION

For the reasons set forth above, the <u>EX PARTE</u> APPLICATIONS FOR ISSUANCE OF SUBPOENA DUCES TECUM (Docket Nos. 136, 137, 138, 139, 140 & 141) will be denied. The defendant is directed to consider whether the applications meet the requirements of <u>Beckford</u> and <u>Nixon</u> and, to the extent that he chooses to re-file them, to explicitly address both issues in any further application.

It is so ORDERED.

_____ /s/   *R E ʊ*
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: March 22, 2013