IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 3:12CR131-01 |
| | ) | |
| JOSE ARMANDO BRAN, | ) | |
| Defendant | ) | |
| | ) | |

**DEFENDANT'S MOTION IN LIMINE CONCERNING THE SCOPE OF THE ENTERPRISE EVIDENCE AND REQUESTING NOTICE OF RACKETEERING ACTIVITY**

COMES NOW Jose Armando Bran, by counsel, and files his motion in limine concerning the scope of the enterprise evidence and to request notice of racketeering activity, and the opportunity to be heard on the admissibility of this evidence prior to trial.

*Argument*

Mr. Bran is charged in a five count indictment with conspiracy to commit murder in aid of racketeering in violation of 18 U.S.C. § 1959(a)(5); murder in aid of racketeering in violation of 18 U.S.C. § 1959(a)(1) and 2; use of a firearm during a crime of violence causing death to another in violation of 18 U.S.C. § 924(c)(1)(A) and (j) and 2; conspiracy to commit murder in aid of racketeering in violation of 18 U.S.C. § 1959(a)(5) and maiming in aid of racketeering activity in violation of 18 U.S.C. § 1959(a)(2) and 2.

A.   **Scope of the Enterprise Evidence**

In order to prove that Mr. Bran violated 18 U.S.C. § 1959, the government must prove: that an enterprise affecting commerce existed; that the enterprise was engaged in racketeering activity; that the defendant has a position in the enterprise; that the defendant committed the

alleged crime of violence; and that the defendant's general purpose in committing the crime of violence was to maintain or increase his position in the enterprise. *United States v. Fiel*, 35 F.3d 997, 1003 (4th Cir. 1994). The term "enterprise," as used in the statute "may be any group of individuals associated in fact, and the earmarks of association are 'continuity, unity, shared purpose, and identifiable structure.'" *United States v. Gray*, 137 F.3d 765, 772 (4th Cir. 1998)(*citing United States v. Fiel*, 35 F.3d 997, 1003 (4th Cir. 1994)).

> [An association in fact enterprise] "proscribes purposeful associations of individuals".. . . The ties between the individual associates are implied by these concepts of continuity, unity, shared purpose and identifiable structure operate precisely to guard against the danger that guilt will be adjudged solely by virtue of association not so related. They define the line between "concerted action" through "group association for criminal purposes," for which "combination in crime" may constitutionally be proscribed, (citation omitted) and less clearly related conduct that may not be so proscribed and prosecuted.

*United States v. Griffin*, 660 F.2d 996, 1000 (4th Cir. 1981). Clearly the "enterprise" must be a group of people associated together for a common purpose of engaging in a course of conduct over a period of time. This group of people, in addition to having a common purpose, must have an ongoing organization, either formal or informal, and it must have personnel who function as a continuing unit. *See United States v. Phillips*, 239 F.3d 829, 843-44 (7th Cir. 2001). The question for the Court is whether, under 18 U.S.C. § 1959(a) and in the prosecution of Mr. Bran, the enterprise that the government has to prove beyond a reasonable doubt is MS-13, as a global gang, or the local MS-13 Richmond Sailors clique, of which Mr. Bran is alleged to be a member.

It is the defendant's position that the government's proof of enterprise under 18 U.S.C. § 1959 must limited to the proof that the MS-13 Richmond Sailors clique constituted an enterprise.

> The Second Superseding indictment reads as follows:
>
> MS-13, including its leadership, membership, and associates, constituted an enterprise as defined in 18 U.S.C. § 1959(b)(2), that is, a group of individuals associated in fact that engaged in, and the activities of which affected, interstate and foreign commerce. MS-13 is an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

*Indictment*, ¶ 10. This is simply an assertion that MS-13 meets the definition of an "enterprise" as that term is used in the statute, but it does not clarify whether it is referring to the global MS-13 or the local MS-13 Richmond Sailors clique. Similarly, paragraphs 11 and 12 of the indictment discuss the objectives of the enterprise and the means and methods of the enterprise, but fail to specify exactly what enterprise, the global or local MS-13, engages in the activities listed. In response to questioning by the Court about paragraph 13 of the indictment, the government asserted only that it had no evidence that Mr. Bran participated in "acts of murder," but yet has again failed to specify in the Notice whether the acts of murder it intends to introduce to prove racketeering activity were conducted by the local MS-13 Richmond Sailors clique or by the global MS-13. This lack of specificity interferes with Mr. Bran's ability to defend against the indictment. Finally, the only information the government provided concerning the acts indictable under Title 18 United States Code, Section 1512 (witness tampering), seem to be related to a statement allegedly made to Karen San Jose by Jeremy Soto at the club Latino Unidos. There was also some mention of someone leaving a letter on someone's bed at the jail, and some conversations that took place through the air ducts at the Richmond City Jail, but again, no specific information concerning this conduct, or Mr. Bran's role if any in this conduct. However, it does appear that the government can prove racketeering acts by the local MS-13 Richmond

Sailors clique, so it need not introduce evidence of the global MS-13 gang. If the government is allowed to mix and match the racketeering activities between the local MS-13 Richmond Sailors set and the global MS-13 gang it will likely confuse the jury, and result in mini-trials within the trial. While the government has taken the position that it does not have to reveal the racketeering activities it plans to prove to show the enterprise, the parties need to be clear on what enterprise must be proven by the government to sustain a conviction of Mr. Bran.

As the case law makes clear, 18 U.S.C. § 1959 is designed to punish the purposeful and unified association of individuals who share a purpose, structure, and continuity. This is to guard against "the danger that guilt will be adjudged solely by virtue of associations not so related." *Griffin*, 660 F.2d at 1000. In other words, Mr. Bran should not be able to be prosecuted by syllogism - MS-13 globally exists, Mr. Bran has an MS-13 tattoo on his chest, therefore, he is guilty. This is exactly what the jury would do, especially if the gruesome, violent acts of MS-13 globally are allowed to be paraded in front of the jury. *See* Fed. R. Evid. 403. In addition, there is no evidence that Mr. Bran associated with individuals of MS-13 global in New York, El Salvador, Guatemala, Honduras and Mexico as listed in the indictment. As a result, the government should be held to the task of proving beyond a reasonable about that the alleged MS-13 Richmond Sailors clique was an "enterprise." *See, United States v. Garcia*, 143 F.Supp 2d 791, 817 (E.D. Mich. 2000)(prosecution and punishment of violent crimes should remain at the state level).

**B.     Limit on the Racketeering Activity and Request for Notice**

While a prosecution under 18 U.S.C. § 1959 requires that the government prove an enterprise, it also requires that the government prove that the enterprise was engaged in

racketeering activity. *United States v. Fiel*, 35 F.3d 997, 1004 (4th Cir. 1994). "Racketeering activity" in a prosecution under 18 U.S.C. § 1959 has the same meaning as set forth in 18 U.S.C. § 1961. *See* 18 U.S.C. § 1959(b)(1).

> (1) "racketeering activity" means (A) any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act), which is chargeable under State law and punishable by imprisonment for more than one year; (B) any act which is indictable under any of the following provisions of title 18 Code : . . .

18 U.S.C. § 1961(1)(A),(B). Unlike a prosecution under 18 U.S.C. § 1962, there is no requirement in a prosecution under 18 U.S.C. § 1959 that the government prove a "pattern of racketeering," within a particular time span. A prosecution under 18 U.S.C. § 1959 requires no set of racketeering acts, nor does it expressly require a particular relationship among the acts. In a recent analysis of the statute, the district court in the Southern District of West Virginia held:

> In sum, the Government must prove the following to establish VICAR's "enterprise engaged in racketeering activity" element: (1) that there was a present and ongoing threat that the enterprise would commit racketeering acts through its members; (2) that the threat arose from one or more racketeering acts committed by a member of the enterprise on behalf of the enterprise; and (3) that the threat was existent at the time the predicate crime of violence was committed.

*United States v. Barbeito*, 2010 U.S. Dist. LEXIS 55688 *58-59 (S.D. W. Va., June 4, 2010). The district court went on to explain that the simplest way to demonstrate that an enterprise was engaged in racketeering activity would be to prove that its members committed racketeering acts on its behalf, both before and after the VICAR predicates. *Id.* n. 15. In this case, the defense has already moved for a Bill of Particulars so that he can be fairly apprised of the charges against him and avoid surprise at trial. *See, United States v. Automated Medical Labs., Inc.*, 770 F.2d 399, 405 (4th Cir. 1985). The request for the Bill of Particulars was specifically made in relation to

paragraphs 11, 12, 13 and 15(b) of the Second Superseding indictment. The Court denied the motion relying primarily on *United States v. Le*, 310 F.Supp 2d 763, 781 (E.D. Va, Mar. 29, 2004), but indicated that the defense could file a motion in limine concerning the disclosure of the racketeering activity. (Dkt. Nos. 131, 132).

Since that hearing, the government has filed notice of 404(b) evidence, but in the notice argues that the acts described are really racketeering activities, intrinsic to the charges in the indictment, and not prior bad acts. (Dkt. No. 160) Specifically, the government has provided notice that it intends to introduce at trial evidence that Mr. Bran committed crimes and acts that include: his participation in assaults as part of the "jumping in" (the initiation) of MS-13 members; he conspired with other gang members to enforce gang rules requiring the confrontation and assault of rival gang members and the murder of informants and law enforcement cooperators; he engaged in acts related to the collection of dues and the disbursement of enterprise funds; that he conspired to hinder law enforcement efforts to identify, apprehend, and prosecute gang members, including by threatening witnesses and by sending MS-13 members and associates involved in crimes out of state, and that he used intimidation, the threat of violence, and violence to promote MS-13, to create a climate of fear, to discipline members and MS-13 associates who had broken rules. (Dkt. No. 160 p. 2). This is essentially a re-statement of the information contained in paragraphs 11-13 of the Second Superseding indictment, and lacks any reference to the time, date or place of the listed conduct, making it impossible for the defense to prepare to defend against the allegations. In addition, this list of conduct seems to contradict a representation of the government at the hearing on the Bill of Particulars. Namely, the Court asked the government directly in relation to paragraph 13 of the

Second Superseding indictment if it planned to introduce evidence that Mr. Bran participated in murders other than those alleged in the indictment, and the government said "no" in response to that question, and conceded that to do so with no notice might result in trial by ambush. However, now it appears that the government does intend to introduce evidence that Mr. Bran "conspired with others to enforce gang rules requiring . . . murder of informants and law enforcement cooperator." (Dkt. No. 160 p. 2). In other words, that Mr. Bran did engage in murders beyond those charged in the second superseding indictment. Without more information of this evidence, Mr. Bran cannot defend against the indictment.

While it is true that the language regarding "an enterprise engage in racketeering activity" has been construed to require some proof that the enterprise as an entity is engaged in racketeering activity, or generally that its members and associates are engaged in racketeering activity in such a way that it can be attributed to the enterprise, there is little case law that sets a limit on the number of racketeering acts the government can introduce in order to establish that the enterprise was engaged in racketeering activity, or the time period that the activity can span. *See United States v. Barbeito*, 2010 U.S. Dist. LEXIS 55688, *56-58 (S.D. W.Va. 2010); *United States v. Garfinkle*, 842 F.Supp. 1284, 1292 (D. Nev. 1993)(racketeering activity can be for a short period of time on either side of the actual commission of the racketeering activity or the enterprise could be perpetually engage in racketeering activity.). In other VICAR prosecutions, the government has provided to the defense, in advance of trial, the specific acts that it plans to introduce to satisfy the requirement that the enterprise was engaged in racketeering activity. *See United States v. Turcios-Lopez*, 1:08CR370-LMB, Dkt. 19 (E.D. Va 2008); *United States v. Palacios*, 677 F.3d 234 (4th Cir. 2012).

In *United States v. Palacios*, the defendant was charged and convicted by a jury of a number of crimes arising from his involvement in MS-13. The jury found him guilty of conspiracy to participate in a racketeering enterprise, in violation of 18 U.S.C. § 1962(d); conspiracy to commit murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(5); murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(1); use of a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c); and murder resulting from the use of a firearm in a crime of violence, in violation of 18 U.S.C. § 924(j). On appeal, he raised the issue that the government had been allowed to introduce prior bad acts without providing notice under 404(b). The Fourth Circuit rejected the argument, finding the acts of which Palacios complained were intrinsic to the crime, and therefore, did not qualify as 404(b) evidence. However, what is significant in this decision is that the government made pre-trial disclosures of the evidence it intended to introduce to support the allegation that Palacios was a member of an enterprise, MS-13, and the racketeering activity that he specifically had engaged in as a member of the enterprise. The pre-trial disclosures made by the government in that case occurred nine weeks before trial, and six weeks before trial and were specific in that they included the nature of the conduct, the year of the conduct, and Palacios' role in the offenses. *Id*. at 240. In that case, the district court had specifically required the government to turn over such evidence so that the defense could do preparation in advance of trial. *Id*. at 241. Here, given the general nature of the government's disclosure of "404(b)" evidence, which it argues is really "racketeering activity," Mr. Bran is seeking that the Court order the government to provide him with explicit notice of the "racketeering activity" it intends to introduce at trial including the time, date and place of the conduct, to allow Mr. Bran to adequately prepare his defense for trial. If the government does

8

not provide such notice, and simply introduces its racketeering activity evidence at trial, Mr. Bran is likely to have to move for a continuance so that he can adequately prepare his defense. This is not an efficient use of resources.

Moreover, Mr. Bran would argue that, depending on the disclosure made by the government, that the Court limit the number of racketeering acts that the government introduce. Again, without knowing the specific conduct the government is intending to introduce as racketeering activity in this case, it is difficult to make a precise argument. However, Mr. Bran would ask the Court, once the government has provided notice of racketeering activities, to consider limiting the number of activities so as to not prejudice Mr. Bran. *See* Fed.R.Evid. 403. Rule 403 allows the Court to "exclude relevant evidence if its probative value is substantially outweighed by the danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *Id*. "Unfair prejudice speaks to the capacity of some concededly relevant evidence to lure the fact finder into declaring guilt on a ground different from proof specific to the offense charged." *United States v. Basham*, 561 F.3d 302, 327 (4th Cir. 2009). In this case, if the racketeering activity evidence is voluminous, it would not only confuse the jury and waste time, it might inflame the jury so much that it would lead the jury to declare guilt because of the nature of the offenses introduced, and not based upon the evidence introduced to support the actual allegations of murder contained in the indictment.

Mr. Bran would request that the Court order the government to make notice of the specific "racketeering activity" it intends to introduce in this case, and then hold a hearing, or allow Mr. Bran to respond to argue whether or not that evidence should be admitted or excluded prior to trial.

### *Conclusion*

For the reasons argued above, Mr. Bran would request that the Court limit the evidence the government may introduce on the "enterprise" charged in this case to the MS-13 Sailors clique in Richmond, Virginia, and not MS-13, the international gang. In addition, Mr. Bran would request that the Court order the government to provide immediate notice of the "racketeering activity" it plans to introduce at trial including the nature of the conduct, the time and place of the conduct, so that Mr. Bran can adequately prepare his defense. Finally, Mr. Bran requests an opportunity to be heard on the admission of the "racketeering activity" prior to trial.

                                                              Respectfully Submitted,
                                                              JOSE ARMANDO BRAN

                                                              By: _____/s/_____
                                                                           Counsel

Mary E. Maguire, Esq.
Va. Bar # 42505
Carolyn V. Grady, Esq.
Va. Bar # 30445
Counsel for Jose Bran
Assistant Federal Public Defenders
Eastern District of Virginia
701 E. Broad Street, Suite 3600
Richmond, VA 23219-1884
(804) 565-0800
(804) 648-5033 (fax)
Mary_Maguire@fd.org
Carolyn_Grady@fd.org

John A. Rockecharlie, Esq.
Va. Bar # 27701
Counsel for Jose Bran
Bowen, Champlin, Foreman & Rockecharlie
1919 Huguenot Road, Suite 300
Richmond, VA 23235
(804) 379-1900
(804) 379-5407 (fax)
JRockecharlie@Bowenlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of April, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Roderick C. Young
Assistant U.S. Attorney
600 E. Main Street, Suite 1800
Richmond, VA 23219
(804) 819-5400
(804) 771-2316 (fax)
roderick.c.young@usdoj.gov

Andrew L. Creighton
Assistant U.S. Attorney
2100 Jamieson Avenue
Alexandria, VA 22314
(202) 531-9339
andrew.creighton@usdoj.gov


/s/
Counsel

Mary E. Maguire, Esq.
Va. Bar # 42505
Counsel for Jose Bran
Assistant Federal Public Defender
Eastern District of Virginia
701 E. Broad Street, Suite 3600
Richmond, VA 23219-1884
(804) 565-0860
(804) 648-5033 (fax)
Mary_Maguire@fd.org

11