IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                        Criminal No. 3:12CR131

JOSE ARMANDO BRAN

**MEMORANDUM OPINION**

By Memorandum Opinion and Order entered on September 8, 2021, the Court denied a 28 U.S.C. § 2255 motion by Jose Armando Bran. (ECF Nos. 398, 399.) The matter is before the Court on Bran's MOTION FOR LEAVE TO SUPPLEMENT 28 U.S.C. § 2255, NUNC PRO TUNC MOTION PURSUANT TO FED. R. CIV. P. 15 Under U.S. v. Summer 226 F.3d 103 ("Motion to Supplement," ECF Nos. 415, 416); REQUEST TO PROCEED IN FORMA PAUPERIS ("Request to Proceed in Forma Pauperis," ECF No. 418); MOTION REQUEST FOR APPOINTMENT OF PRO-BONO COUNSEL ("Motion for Appointment of Counsel," ECF No. 419); MOTION NUNC PRO TUNC ("Nunc Pro Tunc Motion," ECF No. 420), and Brief IN SUPPORT MOTION in Lieu of VACATUR OF SENTENCE ("Motion in Lieu of Vacatur," ECF No. 421). For the reasons that follow, Bran's Motion to Supplement, Nunc Pro Tunc Motion, and Motion in lieu of Vacatur will be dismissed as successive, unauthorized 28 U.S.C. § 2255 motions and the remaining motions will be denied.

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by

prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." Felker v. Turpin, 518 U.S. 651, 657 (1996) (internal quotation marks omitted). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The United States Court of Appeals for the Fourth Circuit has held that inmates may not avoid the bar on successive collateral attacks on their convictions and sentences by inventive labeling. See United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003). "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit . . . or an application for a Get-Out-of-Jail-Card; the name makes no difference. It is substance that controls." Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004) (citing Thurman v. Gramley, 97 F.3d 185, 186-87 (7th Cir. 1996)). Thus, "[a]ny motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255[(a)], is a motion under § 2255, no matter what title the prisoner plasters on the cover." Id. (citing Ramunno v. United States, 264 F.3d 723 (7th Cir. 2001)); see United States v. Sessoms, 488 F. App' x 737, 738 (4th

2

Cir. 2012) (construing petition filed under 28 U.S.C. § 1651(a) as a successive § 2255 motion). Therefore, a "motion is a second or successive [habeas] petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." United States v. McCalister, 453 F. App'x. 776, 778 (10th Cir. 2011) (alteration in original) (quoting Spitznas v. Boone, 464 F.3d 1213, 1215 (10th Cir. 2006)).

Here, in his Motion to Supplement, Nunc Pro Tunc Motion, and Motion in Lieu of Vacatur, Bran continues to insist that defects in convictions and sentence entitle him to relief.[1] As such his motions fall within the ambit of 28 U.S.C. § 2255(a)[2] and must be

---

[1] For example, in his Motion to Supplement, Bran contends that he "has obtained newly available evidence that would exculpate him of the conviction for the murder of Osbin Hernandez-Gonzalez." (ECF No. 415, at 1.) In his Nunc Pro Tunc Motion, Bran contends that the Court should have dismissed all counts for insufficient evidence. (ECF No. 420, at 21.) And, in his Motion in Lieu of Vacatur, Bran continues to argue that the evidence was insufficient to warrant his convictions. (ECF No. 421, at 12.)

[2] The pertinent statute provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

construed as successive 28 U.S.C. § 2255 motions.  <u>Gonzalez v. Crosby</u>, 545 U.S. 524, 530-32 (2005) (construing a motion as a successive habeas corpus application if it seeks vindication of a claim for relief from the criminal judgment, regardless of the title on the motion).  The Court has not received authorization from the Fourth Circuit to entertain Bran's successive requests for 28 U.S.C. § 2255 relief.

The Clerk will be directed to assign a separate civil action number for each of the following motions:  Motion to Supplement, Nunc Pro Tunc Motion, and Motion in Lieu of Vacatur.  These actions will be dismissed for want of jurisdiction.  A certificate of appealability will be denied.

No constitutional right to have appointed counsel in post-conviction proceedings exists.  <u>Mackall v. Angelone</u>, 131 F.3d 442, 449 (4th Cir. 1997).  The Court, however, may appoint counsel to a financially eligible person if justice so requires.  <u>See</u> 18 U.S.C. § 3006A(a)(2)(B).  For example, appointment of counsel for an indigent petitioner is appropriate in a 28 U.S.C. § 2255 action when necessary for utilization of discovery procedures or when an evidentiary hearing is required.  <u>See</u> Rules Governing Section 2255 Proceedings for the U.S. District Courts, Rules 6(a) and 8(c).  Upon review of Bran's motion, the Court concludes that the issues in this matter are not complex and the interests of justice do not

4

require the appointment of counsel at this juncture. Accordingly, Motion for Appointment of Counsel (ECF No. 419) will be denied.

Although Bran has requested to proceed *in forma pauperis*, Bran fails demonstrate that he currently has pending any matter which requires leave to proceed in forma pauperis. Accordingly, Bran's Request to Proceed in Forma Pauperis (ECF No. 418) will be denied.

The Clerk is directed to send a copy of the Memorandum Opinion to Bran.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: October 5, 2023

5