IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                        Criminal No. 3:12CR131

JOSE ARMANDO BRAN

MEMORANDUM OPINION

By Memorandum Opinion and Order entered on September 8, 2021, the Court denied a 28 U.S.C. § 2255 motion by Jose Armando Bran. (ECF Nos. 398, 399.) On October 27, 2024, Bran submitted a single document titled MOTION ADDING NEWLY DISCOVER EVIDENCE TO SUPPLEMENT TO 28 U.S.C. § 2255 MOTIONS ALREADY FILED AND MOTION FOR OF COUNSEL, AND, APPOINTMENT OF AN INVESTIGATOR; "MOTION FOR A NEW TRIAL"; MOTION ADDING NEWLY DISCOVER EVIDENCE TO AID AND SUPPLEMENT TO HIS NUNC PRO TUNC 28 U.S.C. § 2255 MOTIONS ALREADY FILED. The Court treats these submissions as a successive, unauthorized 28 U.S.C. § 2255 Motion and a Motion for a New Trial.

A. **Successive 28 U.S.C. § 2255 Motion**

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." Felker v. Turpin, 518 U.S. 651, 657 (1996) (internal quotation marks omitted). Specifically, "[b]efore a second or successive

application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The United States Court of Appeals for the Fourth Circuit has held that inmates may not avoid the bar on successive collateral attacks on their convictions and sentences by inventive labeling. See United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003). "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit . . . or an application for a Get-Out-of-Jail-Card; the name makes no difference. It is substance that controls." Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004) (citing Thurman v. Gramley, 97 F.3d 185, 186-87 (7th Cir. 1996)). Thus, "[a]ny motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255[(a)], is a motion under § 2255, no matter what title the prisoner plasters on the cover." Id. (citing Ramunno v. United States, 264 F.3d 723 (7th Cir. 2001)); see United States v. Sessoms, 488 F. App' x 737, 738 (4th Cir. 2012) (construing petition filed under 28 U.S.C. § 1651(a) as a successive § 2255 motion). Therefore, a "motion is a second or successive [habeas] petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's

2

underlying conviction." United States v. McCalister, 453 F. App'x. 776, 778 (10th Cir. 2011) (alteration in original) (quoting Spitznas v. Boone, 464 F.3d 1213, 1215 (10th Cir. 2006)).

The Court has not received authorization from the Fourth Circuit to entertain Bran's successive request for 28 U.S.C. § 2255 relief. The Clerk will be directed to assign a separate civil action number to the Successive 28 U.S.C. § 2255 Motion (ECF No. 424). This action will be dismissed for want of jurisdiction. A certificate of appealability will be denied.

### B. New Trial

Federal Rule of Criminal Procedure 33 provides:

> **Rule 33. New Trial**
> **(a) Defendant's Motion.** Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires. If the case was tried without a jury, the court may take additional testimony and enter a new judgment.
>
> **(b) Time to File.**
> **(1) Newly Discovered Evidence.** Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty. If an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case.
> **(2) Other Grounds.** Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty.

Fed. R. Crim. P. 33. Here, the jury verdict was entered on May 21, 2013. (ECF No. 274.) Bran's Motion for a New Trial (ECF No. 425) filed on October 27, 2023 is untimely and will be denied.

3

The Clerk is directed to send a copy of the Memorandum Opinion to Bran.

/s/ REP

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: April 29, 2024