IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA,

v.                                          Criminal No. 3:12CR131

JOSE ARMANDO BRAN,

      Petitioner.

### MEMORANDUM OPINION

By Memorandum Opinion and Order entered on September 8, 2021, the Court dismissed Jose Armando Bran's 28 U.S.C. § 2255 Motion ("Original § 2255 Motion," ECF No. 365), through which he sought relief based on the Supreme Court's decision in Johnson v. United States, 576 U.S. 591 (2015), and its progeny. (See ECF Nos. 398, 399.) Since that time, Bran has repeatedly sought post-conviction relief, to no avail. Undeterred, however, Bran has submitted a raft of new motions and requests, consisting of the following:[1]

> 1. Nunc Pro Tunc MOTION § 2255 Newly Discover evidence, Claim And Constitutional rights violations claims, SUPPLEMENTAL CHALLENGES already on record, Innocent Claims MOTION to REOPEN CASE Criminal NO. 3:12CR00131. And alternative Civil NO. 3:18-cv-00376, And TAKE ACTIONS SUA SPONTE Movant's MOTION seeking, TO REOPEN this case. and The STAYED of This ACTION LIFTED, And REOPENED, THIS CASE and ORDER by SPecial, Order 3-251, and referred for Findings, Conclusions, and, recommendations, and, to be, Transferred To a different

---

[1] The Court has transcribed the titles of Bran's motions exactly as they appear in his original filings. It does so to highlight the difficulties it has faced in understanding Bran's submissions and ascertaining the specific bases on which Bran seeks relief.

Judge, U.S. Magistrate Judge, Judge.    ("Successive § 2255 Motion I," ECF No. 430);

2.  NUNC PRO TUNC MOTION FOR DISMISSAL (Fed. R. CIV. P. 41(b)), Fed. R. Crim. P. 12(b)) MOTION TO SUPPRESS ("Successive § 2255 Motion II," ECF No. 431);

3.  MOTION ("Motion for Certiorari," ECF No. 446);

4.  MOTION: Pro bono REQUEST ("Motion to Appoint Counsel I," ECF No. 447);

5.  Request for Status Update / Confirmation of Receipt and Docketing ("Motion for Status Update," ECF No. 455);

6.  MOTION ("Motion for a Certificate of Interested Persons I," ECF No. 457);

7.  MOTION FOR AN ORDER TO PROVIDE SERVICE OF GOVERNMENT RESPONSE ("Motion for a Show Cause Order I," ECF No. 458);

8.  MOTION FOR APPOINTMENT OF COUNSEL ("Motion to Appoint Counsel II," ECF No. 459);

9.  MOTION ("Motion for a Show Cause Order II," ECF No. 460);

10. MOTION FOR RELIEF FROM JUDGMENT (FINAL) IN § 2255 proceeding Pursuant to Fed.R.Civ.P.,Rule60(b)(6) ("Rule 60(b) Motion," ECF No. 461);

11. MOTION TO REOPEN CASE UNDER RULE 60(b), and under Controlled Substance Act, and under The Civil Rights Act of 1871, and under Judiciary Act,1Stat.73(1789),and under the Truth-in-Sentencing Act ("Successive § 2255 Motion III," ECF No. 462);

12. MOTION FOR RELIEF FROM FINAL JUDGMENT IN § 2255 Proceeding Pursuant To Fed.R.Civ.P., Rule 60(b)(6) ("Successive § 2255 Motion IV," ECF No. 464);

13. MOTION ("Motion for a Certificate of Interested Persons II," ECF No. 466);

14. MOTION ("Motion for a Show Cause Order III," ECF No. 467);

2

15. MOTION ("Motion to Appoint Counsel III," ECF No. 468); and

16. MOTION ("Successive § 2255 Motion V," ECF No. 469).[2]

For the reasons stated below, Bran is not entitled to his requested relief except insofar as he requests an update as to the status of his submissions through his Motion for Status Update. Bran's other fifteen pending motions and requests seeking other forms of relief will be denied.

## I.   PROCEDURAL HISTORY

On December 4, 2012, a grand jury returned a five-count Second Superseding Indictment charging Bran and his co-conspirators with Conspiracy to Commit VICAR Murder, in violation of 18 U.S.C. § 1959(a)(5) (Count One); VICAR Murder, in violation of 18 U.S.C. §§ 1959(a)(1) and 2 (Count Two); Use of a Firearm During a Crime of Violence Causing Death to Another, in violation of 18 U.S.C. §§ 924(c)(1)(A) and (j) and 2 (Count Three); Conspiracy to Commit VICAR Murder, in violation of 18 U.S.C. § 1959(a)(5) (Count Four); and, Maiming in Aid of Racketeering, in violation of 18 U.S.C. §§ 1959(a)(2) and 2 (Count Five).   (ECF No. 49.)

---

[2] When discussing several motions seeking the same or similar relief, the Court may refer to those motions collectively rather than listing the names of each individual motion.   For example, the Court will cite Bran's "Motions to Appoint Counsel" when collectively referring to Motion to Appoint Counsel I, Motion to Appoint Counsel II, and Motion to Appoint Counsel III.

All five counts were "relat[ed] to [Bran's] involvement with the street gang La Mara Salvatrucha, also known as MS-13." United States v. Bran, 776 F.3d 276, 277 (4th Cir. 2015). "Counts 1, 2, and 3 ar[o]se from the murder of Osbin Hernandez-Gonzalez." Id. "Counts 4 and 5 ar[o]se from the attempted murder of Florintino Ayala." Id.

A jury convicted Bran of all five counts. Id. Bran was sentenced to "120 months for Count 1, mandatory life for Count 2, 120 months for Count 4, and 360 months for Count 5, all to run concurrently, and life for Count 3, to run consecutively to the sentences for Counts 1, 2, 4, and 5." Id. Bran appealed. Id. The Fourth Circuit affirmed Bran's judgments of conviction and sentence. Id. at 282.

On May 31, 2018, Bran filed his Original § 2255 Motion, arguing that he was entitled to relief based on the Supreme Court's decision in Johnson v. United States, 576 U.S. 591 (2015), and its progeny. (ECF No. 365.) By Memorandum Opinion and Order entered on September 8, 2021, the Court denied Bran's claims on the merits and dismissed the Original 28 U.S.C. § 2255 Motion. (See ECF Nos. 398, 399.)

Since that time, Bran has repeatedly sought post-conviction relief, to no avail. For instance, Bran has filed, and the Court has denied, requests for documents under the Freedom of Information

Act (see ECF Nos. 411, 412); successive requests for relief under § 2255 (see ECF Nos. 415, 416, 420, 422, 423); for a new trial (see ECF No. 425); and more. The motions and requests identified in this Memorandum Opinion's introduction followed.

## II. ANALYSIS

As may be clear from the titles he assigned to them, Bran's motions and requests are prolix, rambling, and at times border on incomprehensible. Nevertheless, it is clear that, with the exception of his Motion for Status Update, Bran is not entitled to relief.

### A. Several of Bran's Motions are Unauthorized Successive Motions under 28 U.S.C.§ 2255

Amidst Bran's many submissions are several motions that must be denied because, notwithstanding how Bran has styled them, they amount to unauthorized successive motions under 28 U.S.C. § 2255. The Successive § 2255 Motions are located at docket numbers 430, 431, 462, 464, and 469.

### 1. Legal Standard

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." Felker v. Turpin, 518 U.S. 651, 657 (1996) (internal quotation marks

omitted).    Specifically,    "[b]efore    a    second    or    successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."    28 U.S.C. § 2244(b)(3)(A).

To avoid this statutory bar on unauthorized successive motions under § 2255, litigants routinely style their submissions creatively.    But this is not permissible.    See Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004); United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003) (emphasizing that inmates may not circumvent the limitations on successive § 2255 motions simply by inventive labeling).    "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit . . . or an application for a Get-Out-of-Jail-Card; the name makes no difference.    It is substance that controls."    Melton, 359 F.3d at 857 (citing Thurman v. Gramley, 97 F.3d 185, 186-87 (7th Cir. 1996)).    "Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255[(a)], is a motion under § 2255, no matter what title the prisoner plasters on the cover."    Id. (citing Ramunno v. United States, 264 F.3d 723 (7th Cir. 2001)).

6

Consistent with this principle, the Fourth Circuit has held "that district courts must treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to 'evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" Winestock, 340 F.3d at 206 (quoting Calderon v. Thompson, 523 U.S. 538, 553 (1998)).

The Fourth Circuit has provided the following guidance in distinguishing a proper Rule 60(b) motion from an improper successive § 2255 motion:

> [A] motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider. Thus, a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications. Similarly, new legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence.

Id. at 207 (internal citation omitted).

## 2. Application

Here, the Successive § 2255 Motions purport to seek relief under a wide range of statutes and legal theories. They are alike,

7

however, in that they all assert that Bran's convictions and sentence are legally defective.

For instance, in Successive § 2255 Motion I — which Bran styles in the alternative as a "Petition for Writ of Coram Nobis" and "Petition for a Writ of Audita Querela" (ECF No. 430, at 1)— Bran asserts that at least one of his former convictions was not a "crime of violence" and that his conviction and sentence should be vacated. (Id. at 4-5.) In Successive § 2255 Motion II, Bran contests the validity of his criminal charges, arguing that prosecutors presented false information to the grand jury that indicted him. (ECF No. 431, at 6.) In Successive § 2255 Motion III, Bran contends, inter alia, that his convictions violated the Fifth Amendment's Double Jeopardy Clause, that he should have been permitted to raise an insanity defense at trial, and that there was insufficient evidence to support his convictions. (ECF No. 462, at 3-8.) In Successive § 2255 Motion IV, Bran argues that his "stacked sentence[]" was unconstitutional and that, pursuant to the First Step Act, he should not have received an "enhanced sentence." (ECF No. 464, at 3.) Finally, in Successive § 2255 Motion V, Bran raises similar arguments, asserting that he is entitled to relief pursuant to two recent Supreme Court cases: Lora v. United States, 599 U.S. 453 (2023), and Barrett v. United States, 607 U.S. 128 (2026). (See ECF No. 469, at 1-2.)

8

These submissions, then, no matter how they are styled, seek to challenge the legitimacy of Bran's convictions and/or sentence. Where styled as arising under Federal Rule of Civil Procedure 60(b), they do not identify procedural defects in the Court's previous decision addressing Bran's Original § 2255 Motion. Consequently, these submissions fall within the ambit of 28 U.S.C. § 2255 and must, by effect of Bran's previous 28 U.S.C. § 2255 Motion, be construed as doing so. See Gonzalez v. Crosby, 545 U.S. 524, 530-32 (2005). Because Bran has not received authorization to file a successive 28 U.S.C. § 2255 motion, the Court is without jurisdiction to consider these new submissions. And because the Court is without jurisdiction to consider the submissions, Bran's Motions for Show Cause Orders directing the Government to respond (ECF Nos. 458, 460, 467) will be denied.

The Clerk will be directed to assign a separate civil action number for each of Successive § 2255 Motions I through V. These actions will be dismissed for want of jurisdiction. A certificate of appealability will be denied.

### B.   Rule 60(b) Motion

Although a large share of Bran's submissions amount to unauthorized successive motions under § 2255, it appears that one motion legitimately seeks relief under Federal Rule of Civil Procedure 60(b). In the Rule 60(b) Motion, Bran argues that the

9

Court inappropriately failed to address the merits of the claims raised in his Original § 2255 Motion, opting instead to deny relief on statute of limitations grounds. (See ECF No. 461.) But Bran is mistaken; in its September 8, 2021 Memorandum Opinion (ECF No. 398), the Court addressed the merits of the sole claim raised in Bran's Original § 2255 Motion as well as the claims he sought to add through motions to amend. (See ECF No. 398.) Because the predicate of this motion (ECF No. 461) is incorrect, the Court need not address the motion any further, and ECF No. 461 will be denied.

### C. Motions for a Certificate of Interested Persons

Next at issue are Bran's Motions for Certificates of Interested Persons. (ECF Nos. 457, 466.) These submissions are perplexing. In each, Bran "ask[s] th[e] Clerk to provide complete required filings of C.I.P. and rules that the Clerk[] used for pro se litigants that allowed only 3 days to file the C.I.P." (ECF No. 466; see ECF No. 457.) Although Bran has filed these requests in the district court, he requests relief in the form of "remand" (see ECF Nos. 457, 466), something this Court cannot provide.

Because Bran has sought relief in this Court and on appeal in the Fourth Circuit, and because both this Court's Local Rules and the Federal Rules of Appellate Procedure contain provisions regarding financial disclosures, it is not clear under what

10

provision Bran seeks relief. This Court's Local Criminal Rule 12.4 requires "[a] nongovernmental corporation, partnership, trust, other similar entity that is a party to, or that appears in, an action or proceeding in this Court shall" file a statement identifying, inter alia, its affiliates. See E.D. Va. Loc. Crim. R. 12.4. The Federal Rules of Appellate Procedure's analogous provision is found in Rule 26.1. This Rule requires similar disclosures from "nongovernmental corporation[s]." Fed. R. App. P. 26.1(a).

As the 1989 Notes of the Advisory Committee on Rules explain, "[t]he purpose of [the certificate of interested persons and corporate disclosure statements] is to assist judges in making a determination of whether they have any interests in any of a party's related corporate entitles that would disqualify the judge[] from hearing a [case]." Fed. R. App. P. 26.1 Advisory Committee Notes on Rules - 1989.

Bran, a now-convicted criminal defendant in this proceeding, is not a corporate entity and is therefore not subject to the requirements of these rules. The Court can perceive no other person or entity as to which a CIP provision might apply. His Motions for Certificates of Interested Persons (ECF Nos. 457, 466) will consequently be denied without further discussion.

11

**D.  Motion for Certiorari and Motion for Status Update**

Next at issue are two motions that defy easy categorization. First is Bran's Motion for Certiorari, in which Bran simultaneously requests that certiorari be granted under 28 U.S.C. § 2101(e) and that he be granted a "conditional pardon."  (See ECF No. 446, at 2-3.)  To the extent Bran even intended to file this Motion in this Court and not the Supreme Court of the United States, the Motion must be denied, as a district court has no power to grant a petition for writ of certiorari.  See, e.g., Horttor v. Livingston, 729 F. App'x 363, 364 (5th Cir. 2018) ("[R]eview of this case by the Supreme Court requires a writ of certiorari that only the Supreme Court can grant.").  Nor can the Court issue a pardon or direct any official to do so. See Harbison v. Bell, 556 U.S. 180, 187 (2009) ("Only the President has the power to grant clemency for offenses under federal law." (citing U.S. Const., Art. II, § 2, cl. 1)). Accordingly, the Motion for Certiorari (ECF No. 446) will be denied.

Bran has also filed a Motion for Status Update in which he requests "an immediate status update and confirmation that the Court has received and docketed" numerous motions and requests. (ECF No. 455.)  Bran's Motion for Status Update (ECF No. 455) is granted to the extent this Memorandum Opinion serves to inform him of the status of this matter and his pending filings.

12

### E.  Motions to Appoint Counsel

The Court finally addresses Bran's three pending Motions to Appoint Counsel.  (ECF Nos. 447, 459, 468.)  As Bran is aware from the Court's previous denials of similar requests (see ECF Nos. 398, at 19-20; ECF No. 422, at 4-5), no constitutional right to court-appointed counsel exists in post-conviction proceedings. Mackall v. Angelone, 131 F.3d 442, 449 (4th Cir. 1997).  The Court, however, may appoint counsel to a financially eligible person if justice so requires.  See 18 U.S.C. § 3006A(a)(2)(B).  For example, appointment of counsel for an indigent petitioner is appropriate in a 28 U.S.C. § 2255 action when necessary for utilization of discovery procedures or when an evidentiary hearing is required. See Rules Governing Section 2255 Proceedings for the U.S. District Courts, Rules 6(a) and 8(c).  Having reviewed Bran's many pending motions and requests, the Court concludes that the issues in this matter are not complex and the interests of justice do not require the appointment of counsel.  Accordingly, Bran's Motions to Appoint Counsel (ECF Nos. 447, 459, 468) will be denied.

### III. CONCLUSION

Bran's pending motions (ECF Nos. 446, 447, 457, 458, 459, 460, 461, 466, 467, 468), with the exception of his Motion for Status Update (ECF No. 455), will be denied.  The Motion for Status Update (ECF No. 455) is granted to the extent that this Memorandum

13

Opinion serves to inform Bran of the status of this matter and his pending filings. Bran's Successive § 2255 Motions (ECF Nos. 430, 431, 462, 464, 469) will be dismissed for want of jurisdiction. The action will be dismissed. A certificate of appealability will be denied.[3]

The Clerk is directed to send a copy of this Memorandum Opinion to Bran and counsel of record.

It is so ORDERED.

/s/ _RЄſ_

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: August 3 , 2026

---

[3] An appeal may not be taken from a final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). Bran has not met this standard.

14